UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

KAREEM NELSON,                           CASE NO.:  22-cv-2648

       Plaintiff,

       v.

RAY STEPHENS GAS INC., and ORIT
DIAGNOSTIC CENTER, INC.,

       Defendants.

---

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff, KAREEM NELSON by and through undersigned counsel, and pursuant to the Federal Rules of Civil Procedure and all other applicable rules, statutes, regulations and governing legal authorities, hereby files this Complaint and sues RAY STEPHENS GAS INC., a New York corporation, d/b/a Conoco, and ORIT DIAGNOSTIC CENTER, INC., a New York corporation, (collectively, hereinafter the "Defendants") for injunctive relief, attorney's fees and costs, including but not limited to disbursements, court expenses and fees, pursuant to 42 U.S.C. § 12181 *et seq*. (hereinafter "AMERICANS WITH DISABILITIES ACT" or "ADA") and the ADA Accessibility Guidelines 28 C.F.R. Part 36 (hereinafter "ADAAG"), and for injunctive relief and damages, pursuant to the NEW YORK CITY HUMAN RIGHTS LAW ("NYCHRL"), and the NEW YORK STATE HUMAN RIGHTS LAW ("NYSHRL") and alleges:

**JURISDICTION AND VENUE**

1. This is an action for declaratory and injunctive relief brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*. This Court is vested with original jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 and § 1343. This Court

has supplemental jurisdiction over Plaintiff's state law claims that arise out of the same nucleus of facts and circumstances as the subject federal claims.

2. Venue is proper and lies in this Court pursuant to 28 U.S.C. §1391 (B) in that the transaction or occurrence giving rise to this lawsuit occurred in New York.

3. The remedies provided by NYSHRL against discrimination are not exclusive and state administrative remedies do not need to be exhausted in connection with a lawsuit commenced pursuant to the Federal Civil Rights Act.

## **THE PARTIES**

4. At all times material hereto, Plaintiff, KAREEM NELSON, was and is over the age of 18 years, *sui juris*, and was a resident of Kings County, which is located within the Eastern District of New York.

5. Mr. Nelson has at all material times suffered from a "qualified disability" under Title III of the ADA; Plaintiff is a C-7 C-1 paraplegic and uses a wheelchair for mobility. Plaintiff also has a physical disability within the meaning of the laws of the State of New York.

6. The Defendants, RAY STEPHENS GAS INC., a New York corporation, d/b/a Conoco ("Conoco"), and ORIT DIAGNOSTIC CENTER, INC., a New York corporation ("Orit"), are authorized to conduct, and are conducting business within the State of New York.

7. Upon information and belief, Conoco is the lessee and/or operator of the real property, and the owner of the improvements where the gas station is located, which is the subject of this lawsuit, the facility commonly referred to as Conoco (hereinafter the "Subject Facility") located at 1450 Atlantic Avenue, Brooklyn, New York 11216 (hereinafter and heretofore referred to as "Subject Property"), which also maintains and controls the Subject Facility.

8. Upon information and belief, Orit is the owner, lessor and/or operator of the real property, where the Subject Facility is located which is the subject of this lawsuit, the facility commonly referred to as Conoco, located at the Subject Property, and also maintains and controls the Subject Facility. The Subject Facility is a place of "public accommodation" as that term is defined under the ADA; specifically, the Subject Facility is operated as a gas station.

9. Upon information and belief, the Defendants are the co-operators of the Subject Property.

10. Plaintiff resides approximately 2 miles from the Subject Property and has an intention to return to the Subject Property for the purchase of gasoline.

11. Plaintiff is a duly licensed motor vehicle operator in New York State and uses a motor vehicle (the "Vehicle") to commute and perform his daily activities.

12. Prior to filing this lawsuit, Plaintiff visited the Subject Property, as a customer, with the intention of purchasing gasoline at a self-service pump.

13. Upon visiting the Subject Property, Plaintiff discovered the Subject Property was not accessible, to wit: no assistance was offered or provided by Defendants for Plaintiff, as an individual with disabilities, to purchase gasoline at the self-service pump of the Subject Property.

14. During Plaintiff's visit to the Subject Property, Plaintiff was unable to use the controls, hose or nozzle of a self-service gasoline pump at the Subject Property and was consequently forced to leave the Subject Property without the purchase of gasoline, which was readily available to all patrons without disabilities at the self-service pump.

15. That all events giving rise to the instant action occurred in the County of Kings, State of New York.

16. Venue is proper in the Eastern District of New York in that the Subject Property and Subject Facility are located in and doing business in the County of Kings, State of New York.

## COUNT I
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

17. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

18. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

19. Congress specifically found, *inter alia*, that:[1]

    a. Some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

    b. Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

    c. Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities

    d. Discrimination against individuals with disabilities persists in such critical areas of employment, housing, public accommodations, education, transportation,

---

[1] 42 U.S.C. § 12101(a)(1) – (3), (5), and (9).

        communication, recreation, institutionalization, health services, voting, and access to public services; and,

    e. The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

20. Congress explicitly set forth the purpose of the ADA; to wit:[2]

    (i) Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    (ii) Provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

    (iii) Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

21. The congressional legislation provided commercial enterprises with a period of one and a half years from the enactment of the statute to implement the requirements imposed under the ADA.

22. In May 1999, the U.S. Department of Justice issued specific regulations governing gas stations and delineating how such businesses are to become accessible to the physically disabled, as required by the ADA; pursuant to those regulations, gas stations are required, *inter alia*, to provide refueling assistance upon the request of a disabled individual and let customers "know (e.g., through appropriate signs or notification at the pump) that

---

[2] 42 U.S.C. § 12101(b) (1)(2) and (4).

individuals with disabilities can obtain refueling assistance by either honking or otherwise signaling an employee. Some stations provide a call button." www.ada.gov/gasbrprt.pdf (June 2002).

23. In addition to the foregoing, the ADA specifically provides that discrimination includes,

> a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden.

42 U.S.C. § 12182(b)(2).

24. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000.00 or less).[3]

25. Pursuant to 42 U.S.C. §1281(7) and 28 C.F.R. §36.104, the Subject Facility, which is subject to this action is a public accommodation because it provides goods and services to the public.

26. Upon information and belief, the Subject Facility has begun operations, and/or has undergone substantial remodeling, repairs and/or alterations since January 26, 1992, and/or has sufficient income to make readily achievable accessibility modifications.

27. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA (the "ADAAG").[4]

28. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000.00 or less).[5]

---

[3] 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).
[4] 28 C.F.R. Part 36.

29. The Subject Property and Subject Facility is legally required to be, ***but is not***, in compliance with the ADA, ADAAG, NYSHRL and/or NYCHRL.

30. Here, Defendants have failed to comply with all requirements under the U.S. Department of Justice regulations for assistance at self-service pumps located at gas stations. Specifically, Defendants do not have any signs or call buttons located on the fuel dispenser pumps of the gas station. Therefore, individuals with disabilities, such as Plaintiff, are unable to obtain refueling assistance in the same manner and at the same self-service charge, as patrons without disabilities. Likewise, Defendants failed to take the reasonable steps necessary to ensure that Plaintiff (and others similarly situated) are not excluded on the basis of one's disability, even though doing so would not be an undue burden, nor fundamentally change the nature of the goods and services that are provided.

31. Plaintiff resides in the proximity of the Subject Property, in that his home is two miles from the gas station. Plaintiff intends to visit the Subject Property again in the future, perhaps repeatedly, in order to refuel his Vehicle with gasoline; however, in light of his disabilities, unless and until the Subject Property is brought into full compliance with the ADA, and the U.S. Department of Justice regulations, the Plaintiff will remain unable to do so.

32. As a result of the foregoing, Defendants have discriminated against, and continue to discriminate against, Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Property. Defendants' discrimination is specifically prohibited by 42 U.S.C. § 12182, *et seq*.

33. Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until it is compelled by this Court to remediate the ADA violations set forth herein, and

---

[5] 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

to make the Subject Property accessible to and usable by persons with disabilities, including Plaintiff, by making appropriate alterations to policies and procedures, including but not limited to providing signs, notifications and/or call buttons, on or near self-service pumps, so that disabled customers can obtain refueling assistance at self-service pumps without any charge beyond the self-service gas price.

34. This Court is vested with authority to grant injunctive relief sought by Plaintiff, including entry of an Order requiring alteration and modification of the Subject Property, and/or alteration and modifications to Defendants' policies and procedures, so as to make the Subject Property readily accessible to and useable by individuals with disabilities as required by law.

35. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay counsel reasonable attorney's fees, costs, and litigation expenses, all of which are recoverable against the Defendants.[6]

36. Plaintiff will continue to experience unlawful discrimination because of Defendants' failure to comply with the ADA unless and until that failure is enjoined.

## COUNT II
## VIOLATIONS OF THE NYSHRL

37. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

38. The New York State Human Rights Law provides:

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation...because of the … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations,

---

[6] 42 U.S.C. §§ 12205, 12117

8

> advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of … disability … [7]

39. The Subject Property and Subject Facility is a place of public accommodation as defined by the NYSHRL.

40. Plaintiff visited the Subject Property and Subject Facility and encountered architectural barriers as described herein.

41. By failing to have any signs or call buttons located on the fuel dispenser pumps of the gas station, and by denying Plaintiff full and safe access to all the accommodations, benefits and services of the Subject Property and Subject Facility, Plaintiff has provided architectural barriers that discriminate against people with disabilities through the actions described above, Defendants have, directly or indirectly, refused, withheld, and/or denied to Plaintiff, because of his disability, the accommodations, advantages, facilities or privileges thereof provided at the Subject Property and Subject Facility. Failure on the part of Defendants to act to identify and remove barriers can be construed as an act of "negligence per se."

42. Plaintiff has been damaged and will continue to be damaged by this discrimination as more fully set forth above and, in addition to injunctive relief, seeks judgment pursuant to N.Y. Exec. Law §297, including for damages pursuant to § 297(9) thereof.

### COUNT III
### VIOLATIONS OF THE NYCHRL

43. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

44. The NYCHRL provides:

---

[7] NYS Exec. Law § 296 (2) (a).

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived…disability…of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof…to the effect that any of the accommodations, advantages, facilities and privileges of any such place or provider shall be refused, withheld from or denied to any person on account of …disability…[8]

45. Defendants are in violation of the NYCHRL by failing to have any signs or call buttons located on the fuel dispenser pumps of the gas station and denying the Plaintiff full and safe access to all the accommodations, benefits and services of the Subject Property and Subject Facility.

## ATTORNEYS' FEES AND COSTS

46. Plaintiff has been obligated to retain the undersigned attorneys for purposes of filing and prosecuting this lawsuit. Pursuant to the ADA and NYCHRL, Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by the Defendants.

47. Plaintiff respectfully requests a judgment pursuant to N.Y. Exec. Law § 297, including compensatory damages contemplated by § 297(9).

## DAMAGES

48. Plaintiff demands One Thousand Dollars ($1,000.00) in compensatory damages based on Defendants' violation of the NYSHRL and the NYCHRL.

## INJUNCTIVE RELIEF

49. Plaintiff will continue to experience unlawful discrimination because of Defendants' failure to comply with the ADA, the NYSHRL and NYCHRL.

50. Pursuant to 42 U.S.C. § 12188, this Honorable Court is vested with the authority to grant injunctive relief in favor of the Plaintiff, including but not limited to the issuance of an Order

---

[8] NYC Admin Code § 8-107(4)(a)

10

to alter the Subject Property and Subject Facility so that they are made readily accessible to, and useable by, all individuals with disabilities, including Plaintiff, as required pursuant to the ADA, the NYSHRL, NYCHRL, and closing the facilities until the requisite modifications are complete.

51. Therefore, injunctive relief is necessary to order Defendants to alter and modify their place of public accommodation, their policies, business practices, operations and procedures.

52. Injunctive relief is also necessary to make the Subject Premises readily accessible and useable by Plaintiff in accordance with the ADA, the NYSHRL, NYCHRL.

WHEREFORE, Plaintiff hereby demands judgment against the Defendants, jointly and severally, and requests the following injunctive and declaratory relief:

a) A declaration that the Subject Property and Subject Facility owned, leased, operated, controlled and/or administrative by Defendants are in violation of the ADA, the NYSHRL and the NYCHRL;

b) An Order requiring Defendants to evaluate and neutralize their policies, practices and procedures towards individuals with disabilities, for such reasonable time to allow the Defendants to undertake and complete corrective procedures to the Subject Property and the Subject Facility;

c) An Order requiring Defendants undertake and complete a program of corrective remodeling, reconstruction, and other such actions as may be necessary, to remediate and eliminate all ADA and ADAAG violations found at trial to be present upon the Subject Property and the Subject Facility;

d) An Order requiring Defendants to alter their facilities and amenities to make them accessible to and useable by individuals with disabilities as required

pursuant to Title III of the ADA, the ADAAG, and by NYSHRL and the NYCHRL;

e) Requiring that the Subject Facility be closed to the general public until such time as it complies with all ADA, ADAAG, NYSHRL and NYCHRL requirements, including but not limited to complete remediation of physical barriers to access on the Subject Property and the Subject Facility;

f) An Order issuing a permanent injunction ordering Defendants to close the Subject Premises and cease all business until Defendants remove all violations under the ADA, NYSHRL and the NYCHRL, including but not limited to the violations set forth herein;

g) An award of reasonable attorneys' fees, costs, disbursements and other expenses associated with this action, in favor of the Plaintiff;

h) An award of damages in favor of Plaintiff in the maximum amount permitted by the NYSHRL and/or NYCHRL, as well as, compensatory and punitive damages; and

i) For such other and further relief that this Court deems just, necessary and proper.

Dated: May 4, 2022                                  Respectfully Submitted,

**Bashian & Papantoniou P.C.**
Attorneys for Plaintiff
500 Old Country Road, Ste. 302
Garden City, NY 11530
Tel:   (516) 279-1554
Fax:  (516) 213-0339

***By:*** */s/ Erik M. Bashian, Esq.*
**ERIK M. BASHIAN, ESQ. (EB7326)**
eb@bashpaplaw.com

## **VERIFICATION**

KAREEM NELSON, hereby verifies and says that I am the Plaintiff in the above-captioned case. I have reviewed the allegation and they are true and correct to the best of my knowledge, information, and belief.

Dated: May 4, 2022

_____
Kareem Nelson